GEORGE H. COULSON, *Clerk* v. THE TERRITORY OF OKLAHOMA, *ex rel.* JESSE J. DUNN, *County Attorney of Woods County.*

(Filed Feb. 11, 1899.)

1. STARE DECISIS—The material facts and circumstances presented by the record in this case are precisely those involved in a long line of decisions by this court, and the rule of those decisions must determine this case adversely to the cause of action sought to be stated in the petition.

2. INJUNCTION—*County Attorney—Duty Violated—Cause Dismissed.* Where a county attorney brings injunction in the name of the Territory, as plaintiff, against the county clerk, to restrain said clerk from spreading upon the tax rolls of the county an increase of valuation of property for taxation, as ordered by the territorial board of equalization, it is apparent from the face of such petition that the Territory is not the real party in interest in the prosecution of such action; that the real interest of the Territory lies in having such increased valuation spread upon the tax rolls, and not in preventing the same; that the county attorney bringing such action violates his official duty to the Territory, and his obligations of fidelity to courts and clients; and that such petition should be dismissed.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before Jno. L. McAtee, District Judge.*

*Harper S. Cunningham, Attorney General,* for plaintiff in error.

—8

*Jesse J. Dunn, County Attorney,* for defendant in error.

Action by the Territory, on the relation of Jesse J. Dunn, county attorney of Woods county, against George H. Coulson, clerk of such county. Judgment for plaintiff, and defendant brings error. Reversed.

Opinion of the court by

TARSNEY, J.: Had this cause been instituted in the court below in good faith, and upon the petition of the real party in interest in the relief sought, all the material facts and circumstances presented by the record in the case would be precisely like those involved in a number of cases decided by this court, and upon the authority of those cases the judgment appealed from in this case would be reversed and the cause dismissed. The record in this case, however, presents facts and circumstances, in addition to those presented in those cases, which we cannot pass unnoticed. This action was commenced in the name of the Territory of Oklahoma, on the relation of Jesse J. Dunn, county attorney of Woods county, to restrain and enjoin George H. Coulson, county clerk of said county, from spreading upon the tax rolls of that county the increased valuation of property therein, as ordered by the territorial board of equalization, in equalizing assessments between the various counties for the year 1897.

The Statutes of Oklahoma 1893, sec. 1705, provides that "it shall be the duty of the county attorney of the several counties to appear in the district court of their respective counties and prosecute and defend on behalf of the Territory or his county, all actions or proceedings, civil or criminal, in which the Territory or county is interested as

a party." Every action must be prosecuted in the name of the real party in interest. (Code Civ. Proc. Sec 26.)

The first of these statutory provisions authorizes a county attorney to appear in the district court of his county to institute and prosecute, on behalf of the Territory, actions in which the Territory is interested in obtaining the relief sought by the action. The second provision authorizes an action to be brought only in the name of the party really interested in the benefits of the action, if successful. It does not contemplate that an action may be brought in the name of the party whose real interest is adverse to the granting of the relief prayed for in the action. This action was instituted in the name of the Territory, as plaintiff, to enjoin the county clerk from performing a ministerial act and ministerial duty which he owed to the Territory, which this court, in original proceedings by *mandamus*, at the suit of the Territory, has required him to perform. The territorial board of equalization, in equalizing assessments between the several counties of the Territory for the year 1897, increased the valuation, of all the property returned for taxation in Woods county for that year, 41 per cent., and certified the fact to the county clerk, as required by law. It was the duty of the county clerk to spread such increase upon the tax rolls of the county. This court has repeatedly held that the action of the board of equalization was in accordance with law, and in all things valid. The Territory was interested in having its levies for territorial taxation levied upon property according to its proper valuation. It was therefore directly interested in having this increase spread upon the tax rolls of Woods county, and in having its taxes levied thereon. Its every

interest was against the county clerk being prevented from doing that which the injunction in this cause sought to prevent him from doing. It was a real party in interest to the defense of this action, and not in its prosecution. The attempt to use it as a party plaintiff, to prevent it from obtaining the revenues to which it was justly entitled under the law, was a fraud upon the court, and a violation by the county attorney of the duties which he owed to the court as its officer, and of the fidelity which an attorney owes to his client and the interests which it is his duty to protect. The court below should have sustained the demurrer to the petition, if for no other reason, on this ground alone: That, on the facts stated, the Territory, named as plaintiff, was not the real party in interest in the prosecution of the action; that its interests were directly opposed to its prosecution; and that the attorney prosecuting the same was violating obligations imposed upon him by law and his oath of office as an attorney. It should have been apparent to the trial court that the whole proceeding was collusive between the county attorney and the nominal defendant. Courts, if their integrity is to be maintained, cannot permit such conduct as this record discloses to be consummated nor to go unrebuked. The judgment is reversed, and the cause dismissed; the costs to be taxed to the relator.

McAtee, J., having presided in the court below, not sitting; all the other Justices concurring.